**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:          In the Interest of C.J., a Child

Appellate case number:       01-19-00704-CV

Trial court case number:     2018-00169J

Trial court:                313th District Court of Harris County

This is an accelerated appeal from an order terminating the parental rights of appellant, S.W. On September 18, 2019, retained counsel filed, on behalf of appellant, a notice of appeal of the trial court's September 5, 2019 "Final Decree for Termination." *See* TEX. R. APP. P. 25.1, 26.1(b), 28.4. The appellate record was due in this Court on September 30, 2019. *See id.* 4.1(a), 28.4, 35.1(b). A clerk's record was filed on October 1, 2019; however, a reporter's record has not been filed.

On October 2, 2019, the court reporter notified the Clerk of this Court that appellant had not requested a reporter's record and had not "paid or made arrangements to pay for the record and [was] not appealing as an indigent." *See id.* 35.3(b). On October 2, 2019, the Clerk of this Court notified appellant that the court reporter responsible for preparing the reporter's record had informed the Court that appellant had not requested a reporter's record or had not paid, or made arrangements to pay, for the reporter's record. *See id.* 37.3(c). The Clerk further notified appellant that unless she provided written evidence that she had paid, or made arrangements to pay, for the reporter's record, or provided proof that she is entitled to proceed without payment of costs by October 14, 2019, the Court might consider the appeal without a reporter's record. *See id.*

On November 4, 2019, the court reporter notified the Clerk of this Court that appellant had not requested a reporter's record. However, the court reporter also provided this Court with a motion to withdraw filed in the trial court by appellant's retained counsel. In the motion to withdraw, retained counsel asserts that appellant "is indigent and can no longer afford retained counsel." The motion also states that appellant "is requesting a court appointed counsel to perfect her appeal." A notice of hearing attached to retained counsel's motion indicates that a hearing would be held on counsel's motion to withdraw and appellant's request for appointment of counsel on November 7, 2019.

Accordingly, the Court **withdraws** its November 5, 2019 order, stating that it will only consider and decide those issues or points that do not require a reporter's record for a decision, and setting the deadline for appellant's brief. *See id.* 37.3(c), 38.6(a); *see also In re G.S.*, No. 12-15-00210-CV, 2015 WL 8959433 (Tex. App.—Tyler Dec. 16, 2015, no pet.) (mem. op.)

(appeal from judgment terminating parental rights, considering and deciding only those issues that did not require reporter's record for decision (citing TEX. R. APP. P. 37.3(c)).

Given the constitutional rights involved in a termination of parental rights, retained counsel's failure to timely respond to this Court's past notices and orders, and retained counsel's motion to withdraw filed in the trial court, the Court **abates** this appeal and remands the case to the trial court to immediately hold a hearing on retained counsel's motion to withdraw. We further direct the trial court, if retained counsel is permitted to withdraw, to determine if appellant is indigent, to appoint new counsel to represent appellant if she is indigent, or to determine whether appellant may proceed pro se, after advising her of the dangers of self-representation. The trial court shall have a court reporter, or court recorder, record the hearing. If the trial court held a hearing on November 7, 2019 and addressed all of these matters fully, with a record, then an additional hearing is not required.

The trial court clerk shall file a supplemental clerk's record containing any written findings of fact and conclusions of law regarding these issues as well as any orders permitting retained counsel to withdraw, determining if appellant is indigent, appointing new counsel, or allowing appellant to proceed pro se. The court reporter shall file a reporter's record of the hearing. The records shall be filed with the Clerk of this Court **no later than 14 days from the date of this order**.

Because this appeal involves the termination of the parent-child relationship, the Court is required to bring appellant's appeal to final disposition within 180 days of September 18, 2019, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record are filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
    ☑ Acting individually    ☐ Acting for the Court

Date: __November 14, 2019___